UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB D. MILLER,<br><br>Defendant | Criminal No. 25-CR-30036-MGM<br><br>Violations:<br><br>Count One: Felon in Possession of Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Two: Felon in Possession of Explosive Materials<br>(18 U.S.C. § 842(i)(1))<br><br>Firearm and Ammunition Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))<br><br>Explosive Materials Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 844(c); 28 U.S.C. § 2461(c)) |

INDICTMENT

COUNT ONE
Felon in Possession of Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury charges:

On or about April 8, 2025, in the District of Massachusetts and elsewhere, the defendant,

JACOB D. MILLER,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, the following ammunition:

1

    a. approximately fifty rounds of Federal brand, American Eagle .45 auto, 230 grain ammunition;

    b. one blue box of 50 rounds of .308 ammunition;

    c. one round of .22 caliber ammunition;

    d. six boxes of 35mm ammunition;

    e. four boxes of .22 caliber ammunition;

    f. seven rounds of 12 gauge ammunition; and

    g. five rounds of .30-40 ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT TWO
Felon in Possession of Explosive Material
(18 U.S.C. § 842(i)(1))

The Grand Jury further charges:

On or about April 8, 2025, in the District of Massachusetts and elsewhere, the defendant,

JACOB D. MILLER,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, explosive material, that is, GOEX black powder and WANO black powder.

All in violation of Title 18, United States Code, Section 842(i)(1).

## FIREARM AND AMMUNITION FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.    Upon conviction of the offense in violation of Title 18, United States Code, Sections 922(g)(1), set forth in Count One, the defendant,

JACOB D. MILLER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a.    approximately fifty rounds of Federal brand, American Eagle .45 auto, 230 grain ammunition;

    b.    one Remington Model 514 rifle;

    c.    one Remington Sportsmaster Model 511 rifle;

    d.    one O.F. Mossberg and Sons No. 44B long gun;

    e.    one Marlin Family Firearms Company rifle with Serial No. V314525;

    f.    one Remington Model 12C, .22 rifle, Serial No. 497525;

    g.    one J. Stevens Arms Company Single Gun;

    h.    one blue box of 50 rounds of .308 ammunition;

    i.    one round of .22 caliber ammunition;

    j.    six boxes of 35mm ammunition;

    k.    four boxes of .22 caliber ammunition;

4

    l. seven rounds of 12 gauge ammunition; and

    m. five rounds of .30-40 ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

  All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

## EXPLOSIVE MATERIAL FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 844(c), and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 842 set forth in Count Two, the defendant,

JACOB D. MILLER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and pursuant to Title 18, United States Code, Section 844(c) and Title 28, United States Code, Section 2461(c), any explosive materials involved or used or intended to be used in the offense. The property to be forfeited includes, but is not limited to, the following:

   a. four bottles of GOEX black powder; and

   b. one bottle of WANO black powder.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(B), Title 18, United States Code, Section 844(c), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2)(B), Title 18, United States Code, Section 844(c), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON


_____
STEVEN H. BRESLOW
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: April 17, 2025 at 3:58 pm
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK